JAY R. WEILL (State Bar No. 75434)
E-Mail: *jweill@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Defendant
YAOWAPHA RITDET

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

YAOWAPHA RITDET AND STEVE WALTER,

Defendants.

Case No. CASE NO. CR 14-215 EMC

**DEFENDANT YAOWAPHA RIDET'S SENTENCING MEMORANDUM**

DATE: April 26, 2017
TIME: 2:30 p.m.

## I. INTRODUCTION

Defendant YAOWAPHA RITDET ("Yaowapha") comes before the Court for sentencing having pled guilty to the Superseding Information filed August 2, 2016 which charged her with impeding the Internal Revenue Service in violation of 26 U.S.C. 7212 (a) and harboring illegal aliens for commercial advantage in violation of 8 USC 1324(A)(1)(A)(iii, (v)(11), and (B)(i).

## II. APPLICABLE LEGAL PRINCIPLES UNDER § 3553(A)

This is a Rule 11(c)(1)(C) plea. The parties have agreed that the offense level is 17 and that an approoiate sentence would be 24 month and 3 years of supervised release. A Rule 11(c)(1)(C) plea does not discharge the Court's independent obligation to exercise its discretion. The Court's acceptance of a Rule 11(c)(1)(C) plea must be based on the guidelines and only if the court is satisfied that such a sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence depart from the applicable guideline range for justifiable reasons.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

See *Freeman v. United States*, 131 S.Ct. 2685, 2692 (2011).

The Probation Office also computes the total offense level to be 17 and recommends a sentence of 24 months with 3 years of supervised release. Yaowapha' s co-defendant and husband Steve Walter was sentenced by the Court on March 22, 2017 to three years' probation.

The Supreme Court has returned discretion to the district court "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper v.United States*, 131 S. Ct. 1229, 1239-40 (2011). Since the Guidelines were held advisory, *see United States v. Booker*, 543 U.S. 220, 244-46 (2005), courts must make an individualized assessment of the appropriate sentence for criminal defendants, despite an agreement by the parties, by analyzing the factors set forth in § 3553(a), of which the Guidelines are but one factor. *See United States v. Autery*, 555 F.3d 864, 872 (9th Cir. 2009); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). The factors include (1) the nature of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing, described in §3553(a)(2) as (a) the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment ("just punishment"); (b) the need to afford adequate deterrence to criminal conduct ("general deterrence"); (c) the need to protect the public from future criminal conduct by the defendant ("specific deterrence"); and (d) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner ("rehabilitation"); (3) the kinds of sentences available; (4) the Guidelines and their policy statements; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution.

The guiding principle is that the court "shall impose a sentence sufficient, but ***not greater than necessary***, to comply with the purposes [of sentencing]" as described in § 3553(a)(2). §3553(a) (emphasis added). Under § 3553(a), the Court must take into account the "nature and circumstances of the offense." Without making excuses for her conduct or minimizing the significance of her actions, Yaowapha respectfully asks that the Court consider all of the available

evidence regarding the context in which the criminal conduct arose as it determines the "just punishment for the offense." §§ 3553(a)(2)(A), 3661. Courts have emphasized the need to examine the actual conduct at issue, rather than the bare numbers involved, in crafting an appropriate sentence.

## III. BACKGROUND

Yaowapha was born in Thailand in 1961 and has a 7th grade education. Her mother and seven siblings still reside in Thailand. Yaowapha came to the United States when she was 27 and moved to Ukiah 6 years later. She has 2 adult children who reside in Thailand. Yaowapha married Steve Walter in 2004 who is a U.S. citizen. Yaowapha is a green card holder and is subject to deportation as a result of her conviction. She is a diabetic and takes daily pills to maintain her sugar levels.

Yaowapha and her husband operated two restaurants in Ukiah; Rivera Tong Thai Cuisine and Walter Cafe. The Walter Cafe is closed and only the Ruen Tong Thai restaurant is open. Yaowapha lives above the restaurant. Yaowapha and her husband hired Thai national who they both knew were illegally present in the United States. Yaowapha objects to the characterization of how she treated her employees. They were treated fairly by Yaowapha and her husband Steve. She is a devoted Buddhist, who is genuinely concerned with the well-being of all persons, especially her employees. She takes great offense of how she allegedly poorly treated her employees. She provided them work and a place to live. We have attached as Exhibits a letter written by Yaowapha to the Court (**Exhibit 1**); supporting letters from her employees (**Exhibit 2**); a letter from a Buddhist Monk at an Abbot Yaowapha visits (**Exhibit 3**); from her prior counsel Emily Kingston (**Exhibit 4**); donation receipts for contributions she has made to Buddhist temples (**Exhibit 5**); and pictures of her employees on excursions she took them on. (**Exhibit 6**).

## IV. CONCLUSION

The Sentencing Guidelines are advisory and establish a "starting point" for the district court's sentencing determination. *Gail v. United States*, 552 U.S. 38, 57 (2007); *accord Cunningham v. California*, 549 U.S. 270, 286-87 (2007). District courts must consider the Guidelines, but should "tailor the sentencing in light of other statutory concerns, as well."

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Specifically, courts must determine the appropriate sentence by considering all of the factors set forth in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 49-50.

As the Court considers what constitutes a reasonable sentence pursuant to § 3553(a), it should keep in mind the Supreme Court's admonition that "the punishment should fit the offender and not merely the crime." *Pepper,* 131 S.Ct. at 1240 (internal quotations omitted). In *Koon v. United States*, 518 U.S. 81, 113 (1996), the Supreme Court observed, "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

We ask the Court to impose a sentence that is "not greater than necessary" to punish and deter in light of the circumstances of Yaowapha life and the nature of her offenses.

DATED: April 19, 2017

Respectfully submitted,

SIDEMAN & BANCROFT LLP

By: /s/JAY R. WEILL
JAY R. WEILL
Attorneys for Defendant Yaowapha Ritdet

8425-1\3144480v1

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711